UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Schartel, | ) | CASE NO. 1:15 CV 1434 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| OneSource Technology, LLC, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This mater is before the Court upon Defendant OneSource Technology LLC dba Asurint's Motion to Stay Proceedings (Doc. 22).  This case arises under the Fair Credit Reporting Act.  For the reasons that follow, the motion to stay is GRANTED.

**ANALYSIS**

According to the complaint, defendant violated the Fair Credit Reporting Act by reporting criminal charges filed against plaintiff that were dismissed more than seven years prior to the issuance of the report.  Plaintiff seeks to represent himself as well as other similarly situated individuals.  Notably, plaintiff does not seek actual damages.  Rather, plaintiff requests

1

relief in the form of statutory and punitive damages only. (Compl. ¶¶ 48, 49).

Defendant moves to stay this case pending the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, No. 13-1339 (April 27, 2015). According to defendant, *Spokeo* will address whether Article III standing exists for cases in which "plaintiffs alleged no actual damages, suffered no concrete harm, and relied solely on statutory standing." Defendant argues that the relevant factors weigh in favor of staying this matter. Plaintiff disagrees. According to plaintiff, defendant is engaging in jurisdictional gamesmanship. Plaintiff argues that Article III issues only arise in federal court. Because this case was originally filed in state court, it will proceed regardless of the outcome in *Spokeo*. Plaintiff also argues that *Spokeo* is distinguishable from the facts of this case and it is "highly improbable" that it will impact this litigation. Plaintiff further claims that the relevant factors militate against a stay of this matter.

Although not raised by the parties, the Court further notes that the Supreme Court recently heard oral arguments in *Gomez v. Campbell-Ewald Co.*, No. 14-857 (May 18, 2015). In that case, the Court will decide whether an unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim moots the claim. In addition, the Court will address whether the answer to the question differs depending on whether the offer is made to the named plaintiff before the court certifies a class action.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking the stay must show "that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env. Council v. United States*

*District Court*, 565 F.2d 393 (6th Cir. 1977).  "Furthermore, even if the reasons for the stay are proper, the stay itself is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*.  (Citations and quotations omitted).  In assessing the propriety of a stay, courts weigh "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration."  *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (N.D. Ohio 2004).

Upon review, the Court finds that a stay is warranted.  Although the parties dispute whether a ruling in *Spokeo* will have a dispositive effect on the case, the Court finds that, at a minimum, its outcome is directly relevant to whether a class can be certified in this case.  Moreover, currently pending is defendant's motion for judgment on the pleadings based on its offer of judgment.  In the motion, defendant claims that its offer of judgment moots plaintiff's claims.  The Court also notes that the offer of judgment was made before this Court certified a class in this case.  Thus, *Campbell-Ewald* is directly relevant to defendant's dispositive motion as well as class certification.

The Court finds that the possible prejudice to plaintiff that will result from a stay is minimal as the Supreme Court has already heard oral arguments in both *Spokeo* and *Campbell-Ewald* and  decisions will likely be rendered within the next seven months. Therefore, the stay in this case will not be extensive or of unlimited duration.  In contrast, all parties face the risk of unnecessary proceedings and expenses if the case is not stayed.  In the event one of the two cases results in this Court losing jurisdiction over this matter, the Court and the parties will have

engaged in unnecessary and extensive discovery and motion practice.[1] In addition, judicial resources will be spared by awaiting the Supreme Court's decision in two potentially dispositive cases and a short stay of this matter will not harm the public.

**CONCLUSION**

For the foregoing reasons, Defendant OneSource Technology LLC dba Asurint's Motion to Stay Proceedings (Doc. 22) is GRANTED. This case will be removed from the Court's active docket subject to reopening by either party after the Supreme Court issues its decisions in *Spokeo* and *Campbell-Ewald*.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/17/15

---

[1] The Court takes no position as to the state court's jurisdiction after the issuance of *Spokeo* and *Campbell-Ewald*.