**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Kevin Schartel, et al., | ) | CASE NO. 1:15 CV 1434 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| One Source Technology, LLC, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |


### INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss the Complaint (Doc.

34).  This case arises under the Fair Credit Reporting Act ("FCRA").  For the reasons that

follow, the motion is DENIED.  The matter, however, is REMANDED to state court.

### FACTS

Plaintiff, Kevin Schartel, brings this lawsuit on behalf of himself and other similarly

situated individuals, against defendant One Source Technology, LLC, alleging a violation of the

FCRA.  Defendant provides background checks to employers, and employers use those reports to

make hiring decisions.

1

In 2014, plaintiff applied to work at Tri-M Group, LLC ("Tri-M").  In connection with the potential employment, defendant performed a background check for Tri-M.  In addition to plaintiff's criminal convictions, the report contained information about criminal charges that were dismissed more than seven years prior to the date defendant ran the report.  The report also contains a number of properly reported convictions.[1]

According to the complaint, defendant maintains a policy of providing stale information in violation of the FCRA.  Plaintiff alleges that defendant provided the report to Tri-M within five minutes of receiving Tri-M's request.  Plaintiff's employment with Tri-M was not successful.  Thereafter, plaintiff filed this one-count class action complaint.  Count one is a claim for violation of 15 U.S.C. § 1681c(a), which prohibits the reporting of "outdated" information.

The Court previously stayed this matter pending the Supreme Court's decision in *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540 (2016).  That case has now been decided and the Court lifted the stay.  Defendant moves to dismiss the Complaint for lack of jurisdiction and plaintiff opposes the motion.

**STANDARD OF REVIEW**

"Whether subject matter jurisdiction exists is a threshold determination the Court must make before proceeding further." *Ggnsc Stanford, LLC v. Gilliam,* 2016 WL 4700135  (E.D. Ky. Sept. 7, 2016) (citing *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993)).  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all

---

[1]     Defendant argues that the Court can consider the report on a motion to dismiss because it is a document referenced and relied upon in the complaint.  Plaintiff does not dispute that the Court may consider its contents.

2

allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Hutchins v. Laferte*, 2016 WL 4534029 (W.D. Ky. Aug. 25, 2016) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).  Here, defendant asserts a facial attack and, therefore, the Court will accept the truth of the allegations set forth in the complaint.

### ANALYSIS

Defendant argues that this case must be dismissed for lack of Article III standing. According to defendant, the complaint contains no allegations of "concrete harm."  Defendant claims that plaintiff does not allege that any of the information reported by defendant was inaccurate.  Nor does plaintiff expressly allege that any harm befell him as a result of defendant's release of this "outdated" information.  Although plaintiff alleges that his employment with Tri-M was "not successful," he does not allege that the failure to secure employment was in any way caused by the outdated information.  In response, defendant argues that he need not allege actual damages in order to satisfy Article III's standing requirements. Rather, the requirements are satisfied provided he suffered harm that is both "concrete" and "particularized."  Plaintiff claims that the disclosure of outdated information caused him damage in the form of privacy invasion.  Because it has long been settled that privacy invasions satisfy Article III's requirements, the complaint cannot be dismissed.

As an initial matter, the Court notes that *Spokeo* did not change the requirements for Article III standing.  Thus, in order to establish standing, a plaintiff must have: (1) suffered an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S.Ct. at 1547 *(citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Here, the parties do not dispute that elements two and three are satisfied.  Rather, the parties dispute only whether plaintiff suffered an injury in fact.

In order to satisfy the "injury in fact" requirement necessary to establish standing to sue, a plaintiff must allege facts sufficient to show that he suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S.Ct. at 1548 (citations and quotations omitted).  There is no dispute that plaintiff's injury in this case satisfies the particularity requirement.  To satisfy the "concrete" element, an injury must be "real" and "not abstract."  And, while "tangible injuries" plainly satisfy this requirement, "intangible injuries may also nevertheless be concrete." *Spokeo*, 136 S.Ct. at 1549; *See also, Thomas v. FTW USA, LLC*, 2016 WL 3653878 at * 5 (E.D. Va. June 30, 2016).  And, as noted in *Spokeo*, Congress cannot create Article III standing simply by the enactment of a statute.  To that end, "a bare procedural violation, divorced from any concrete harm" will not satisfy constitutional standing.  " *Spokeo*, 136 S.Ct. at 1549.  At the same time, however, in cases where "harms may be difficult to prove or measure," the "violation of a procedural right granted by statute can be sufficient...[and] a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id*.

> In evaluating whether an intangible injury satisfies the 'concreteness' requirement, the *Spokeo* Court offered two important considerations: (1) whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts; and (2) the judgment of Congress, which has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.

*Thomas*, at * 5.

4

Upon review, the Court finds that defendant's motion must be granted because plaintiff alleged neither tangible nor intangible harm. Defendant argues that plaintiff's allegation that he was "not successful" in obtaining employment with Tri-M is not sufficient to establish standing. According to defendant, notably absent from the complaint is any allegation that the disclosure of the stale arrest records had any bearing on the success of his application.  In response, plaintiff does not expressly claim that this allegation is sufficient to allege actual damages.  Regardless, the Court finds that it does not.  Although plaintiff alleges that he was not hired, he wholly fails to allege that this resulted in any way from the wrongful disclosure of information.

Plaintiff argues extensively in his brief in opposition that he need not allege actual damages in order to have Article III standing.  Rather, plaintiff claims that the disclosure of stale arrest records caused him to suffer intangible harm in the form of an invasion of his privacy.  As defendant points out, however, plaintiff alleges no such thing.  In fact, the complaint is completely devoid of any allegation regarding his privacy rights.  Thus, assuming *arguendo* that such "intangible" harm would be sufficient to satisfy Article III, plaintiff does not allege that such harm befell him.  An injury to his privacy rights simply cannot be implied in this case. Here, plaintiff was convicted of a number of felonies, which defendant properly disclosed.  The Court will not "read into" the complaint an allegation that his privacy rights were somehow harmed by the disclosure of dismissed charges related to those felonies.  Accordingly, the Court finds that plaintiff lacks standing because he fails to allege an injury in fact.

Defendant asks that the Court dismiss, rather than remand, this matter.  According to plaintiff, the Class Action Fairness Act warrants dismissal because Congress intended that large class actions be heard in federal court.  The Court rejects the argument.  The mandatory language

5

of 28 U.S.C. § 1447(c) requires remand in the event the Court determines that it lacks subject matter jurisdiction.  Defendant points to no law in support of its position that an exception exists where jurisdiction is premised on CAFA.  To the contrary, at least one court has found that remand is required where jurisdiction is premised on CAFA, but plaintiff lacks Article III standing.  *Patton v. Experion Data Corp.,* 2016 WL 2626801 (C.D.Cal. May 6, 2016).  *See also Polo v. Innoventions International,* - F.3d.- (9th Cir. Aug. 18, 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.")[2]

In a footnote, defendant argues that dismissal is appropriate because remand would be futile.  According to defendant, Ohio adopted the same standing elements as those adopted by the Supreme Court.  As such, the Ohio state court would find that plaintiff lacks standing to pursue his claims.  Upon review, the Court rejects defendant's argument that futility requires remand.  Again, 28 U.S.C. § 1447(c) is mandatory on its face and contains no exception for futility.  *See*, *Coyne v. American Tobacco Co.,* 183 F.3d 488, 496 (6th Cir. 1999).

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint (Doc. 34) is DENIED.  This matter is REMANDED to state court.

---

[2]     The Court also notes that defendant did not remove this matter based on CAFA.

IT IS SO ORDERED.

                           /s/ Patricia A. Gaughan

                          PATRICIA A. GAUGHAN
                          United States District Judge

Dated: 10/14/16